THORNAL, Justice
(dissenting).
I regret that I must disagree.
Article V, Section 1, Florida Constitution, specifically states that “the judicial power of the State of Florida is vested” in a series of courts, including juvenile courts. Article V, Section 12, Florida Constitution, expressly provides for the establishment of juvenile courts and the qualification and selection of “judges” thereof. Article V, Section 17(2), Florida Constitution, provides :
“Subject to rules of procedure to be established by the supreme court, and after notice and hearing, any justice or judge may be retired for disability at retirement pay to be fixed by law, which shall not be less than two-thirds of his then compensation if he has served for ten years or more, by a commission composed of one justice of the supreme court to be selected by that court, two judges of the district courts of appeal to be selected by the judges of said district courts of appeal, and two circuit judges and two county judges to be selected by the supreme court.” (Emphasis added.)
It seems to me quite clear that the Constitution treats juvenile judges as a segment of the State’s judicial power and the disability retirement article makes no distinction at all between “judges.”
*605 I have the view that Article V, Section 17, supra, provides for the activation of the Commission to decide whether a particular judge is disabled and entitled to retire because of such disability. It is a legislative responsibility to fix the amount of the retirement pay as dictated by the language of the Constitution itself. Our responsibility ends when the Commission is appointed.
On the instant matter I would hold the petition sufficient to justify the appointment of the Commission to consider and act upon Judge Farmer’s claim of disability. Having done this the Commission will have performed its constitutional function.
I,therefore, respectfully dissent.
I am authorized to state that Mr. Justice DREW and Mr. Justice O’CONNELL who participated in the preparation of this opinion concur in this dissent.
DREW and O’CONNELL, JJ., concur.